STATE OF NEBRASKA, APPELLEE, v. MARY J. JOHNSON, APPELLANT.

338 N.W.2d 769

Filed September 30, 1983. No. 82-793.

Dennis R. Keefe, Lancaster County Public Defender, and Dorothy A. Walker, for appellant.

Norman Langemach, Jr., City Prosecutor, and Patrick A. Campbell, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and GRANT, D.J.

PER CURIAM.

On May 20, 1982, the appellant, Mary J. Johnson,

was found guilty in the municipal court of the city of Lincoln, Nebraska, on two counts. The first count was operating a motor vehicle while under the influence of alcoholic liquors, contrary to Lincoln Municipal Code § 10.52.020. The second count was refusing to submit to a chemical test for the determination of alcoholic content of her body fluid, contrary to the provisions of Lincoln Municipal Code § 10.52.025. Johnson was fined $100 on each of the counts and ordered not to drive a motor vehicle for a period of 6 months. On appeal to the District Court for Lancaster County, Nebraska, the conviction on count II was reversed and dismissed, because of a crack in the tube used for taking the breath sample, and is not before us for consideration. The conviction on count I was, however, affirmed, and Johnson appealed to this court. She maintains, in essence, that her conviction of operating a motor vehicle while under the influence of alcohol should be reversed and dismissed because the evidence was insufficient to support a conviction. She further argues that the municipal court abused its discretion in sentencing her to pay a fine of $100 and suspending her driving privileges for a period of 6 months rather than placing her on probation. We have reviewed the record and find that the decision of the District Court for Lancaster County, Nebraska, affirming the action of the municipal court of the city of Lincoln, Nebraska, on count I must be reversed and the cause dismissed.

The evidence discloses that on March 11, 1982, Johnson was observed by a member of the Lincoln Police Department operating a motor vehicle, apparently without proper registration. The car did not properly display either a license plate or an in-transit sticker. There was no evidence of any erratic or unusual driving, and but for the improper registration, the vehicle would not have been stopped. The officer stopped Johnson's vehicle and asked her for her operator's license and proof of car

ownership. She could produce neither. The officer testified that during this initial contact he observed her eyes to be watery, and detected the smell of alcohol on her breath. The officer then asked Johnson to walk back to the police car. He described her walk as "slow and deliberate." Johnson was placed in the rear seat of the police car and questioned concerning her identity. She accused the officers of picking on her and began yelling at the officers. The testifying officer stated that he continued to smell alcohol on her breath. She was arrested and charged with driving while intoxicated in violation of § 10.52.020 and transported to the county-city jail in the city of Lincoln, Nebraska.

At trial, over objection, the officer was permitted to express his opinion as to whether Johnson was intoxicated. Johnson objected on the grounds that the opinion lacked sufficient foundation and was not supported by the evidence. The State argues that there was sufficient evidence to establish that the officer had observed intoxicated persons on a number of occasions and, further, had had an opportunity to observe Johnson, thereby qualifying the officer to render an opinion concerning whether Johnson was intoxicated. Whether one considers the officer an expert or a lay witness does not change the result in this case. Clearly, if the officer qualified as an expert, as we believe he did in this case, he would have been entitled to render an opinion concerning Johnson's state of intoxication, and, unless otherwise ordered by the court, could render such opinion even without first giving the underlying basis for that opinion. See Neb. Rev. Stat. § 27-703 (Reissue 1979). Furthermore, if the officer was considered a nonexpert in this particular area, he could, nevertheless, render an opinion regarding Johnson's condition, provided he first detailed the facts upon which his opinion was based. See, Neb. Rev. Stat. § 27-701 (Reissue 1979); *State v. Lewis*, 177 Neb. 173, 128 N.W.2d 610 (1964); *Pierce v. State*, 173 Neb. 319, 113

N.W.2d 333 (1962). However, these rules do not permit either an expert or a lay witness to render an opinion based upon obvious speculation or conjecture. See *Northern Nat. Gas Co. v. Beech Aircraft Corp.*, 202 Neb. 300, 275 N.W.2d 77 (1979).

With regard to a lay witness, Neb. Rev. Stat. § 27-701 (Reissue 1979) specifically provides that the nonexpert's opinions or inferences must be limited to those opinions or inferences "which are (a) rationally based on the perception of the witness *and* (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." (Emphasis supplied.) And with regard to the expert witness, we have said: "Expert testimony should not be received if it appears the witness is not in possession of such facts as will enable him to express a reasonably accurate conclusion as distinguished from a mere guess or conjecture. The witness should not be allowed to express an opinion on an inadequate basis or in respect to facts not disclosed to the jury. [Citations omitted.] Where the opinion testimony of an expert witness does not have a sound and reasonable basis it should be stricken." *Clearwater Corp. v. City of Lincoln*, 202 Neb. 796, 804, 277 N.W.2d 236, 241 (1979).

An examination of the record in this case discloses that on either basis the trial court should not have accepted the opinion of the officer. There is no testimony to indicate that Johnson was under the influence of alcohol, if at all, to such an extent that she lost to an appreciable degree the normal control of her bodily and mental faculties, as we require for establishing that one is "intoxicated." See, *Hoffman v. State*, 162 Neb. 806, 77 N.W.2d 592 (1956); *Uldrich v. State*, 162 Neb. 746, 77 N.W.2d 305 (1956); *Shanahan v. State*, 162 Neb. 676, 77 N.W.2d 234 (1956). The officer simply testified that he smelled alcohol on Johnson's breath. The evidence shows that Johnson had been drinking some 5 hours earlier. He further testified that Johnson had watery eyes. She testi-

fied she had been crying. He further testified that she walked back to the police car in a slow and deliberate manner. There is no indication that this was unusual for Johnson or indicated any impaired ability. There is no testimony that the officer attempted to conduct any field sobriety tests or that Johnson failed to pass such tests. Moreover, the evidence discloses that it was Johnson who called the officer's attention to the fact that the device being used by the officers to give her a breath test was defective, resulting in count II being dismissed. The mere odor of alcohol, standing alone, is not sufficient to justify either a lay witness or an expert rendering an opinion as to whether one is intoxicated in violation of law. For those reasons we believe that the trial court should have struck the conclusion of the officer. When that is done, there is simply no evidence in the record to support the conviction. The judgment, therefore, is reversed and the cause remanded with directions to dismiss.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.