STATE OF NEBRASKA, APPELLEE, V. DESMOND D. DANIELS, APPELLANT.

370 N.W.2d 179

Filed July 12, 1985.   No. 84-922.

Curtis A. Sikyta, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

White, J.

This is an appeal from the order of the district court affirming the convictions and sentences of appellant for driving while intoxicated, third offense, and resisting arrest, in the county court for Loup County.

Taking a view of the facts most favorable to the State, the cause arose when the village marshal of Taylor observed the appellant's vehicle fail to stop at a stop sign, and negotiate a "wide angle turn." The marshal, who was not in uniform, followed the appellant's vehicle in a pickup truck that was equipped with a red light. The marshal followed appellant's car for approximately 1 1/2 miles to appellant's home west of Taylor, where appellant pulled into a farmyard of the home he occupied. During the time the marshal followed appellant's car, he observed the car drive "to the right, enough to take up the dirt along the shoulder of the road and then curved left to the center and to the right again."

The marshal approached appellant's car as appellant was emerging. The marshal noticed an odor of alcohol about the appellant's person, saw empty beer cans on the driver's side of the vehicle, and observed the appellant's eyes to be bloodshot. Appellant was informed the marshal was a police officer, shown the marshal's badge, and asked to walk to an area near the marshal's car and perform certain physical acts presumably indicative of sobriety or the lack thereof. During the walk, appellant appeared to be "unsure" and "kind of staggery, weavy." The "finger to nose" test was not performed to the "satisfaction" of the marshal, and appellant staggered and stepped to the side in the "heel to toe" test. Finally, appellant was unable to complete recitation of the alphabet, though he successfully recited the letters from A to L and O.

Sometime during the interview, the appellant determined to

discontinue the conversation with the marshal and started walking toward his house. The marshal reached out to grab him, and appellant swung at him. A scuffle ensued, and appellant was subdued and handcuffed with the assistance of the marshal's brother-in-law. Appellant was then taken into custody and transferred to the jail in Broken Bow, Nebraska.

Appellant assigns as error (1) the court's finding that the marshal had probable cause to stop the appellant's car; (2) the court's failure to find that the evidence was insufficient to establish the offenses of driving while intoxicated and resisting arrest; (3) the court's allowing the opinion evidence of the State's witness to be admitted relative to the intoxicated state of appellant; and (4) the court's failure to find that the resistance of appellant was justified.

We affirm. We will discuss the alleged errors together. In the review of the evidence in a criminal case, this court does not weigh the evidence or pass upon the credibility of witnesses, and we will sustain the verdict if, in taking the view of the evidence most favorable to the State, there is sufficient evidence to support it. *State v. Lichti*, 219 Neb. 894, 367 N.W.2d 138 (1985); *State v. Green*, 217 Neb. 70, 348 N.W.2d 429 (1984).

Taking that view, there is evidence that the driving of appellant was erratic and that a stop sign was ignored. Therefore, the marshal had "a particularized and objective basis for suspecting the person stopped of criminal activity." *State v. Ebberson*, 209 Neb. 41, 44-45, 305 N.W.2d 904, 907 (1981). Further, the above-mentioned facts viewed under this standard establish that appellant's erratic driving occurred while under the influence of alcohol.

We note that the appellant failed to timely object to the proffered opinion evidence of his apparent state of intoxication, and thus has waived that objection. *State v. Hogan*, 194 Neb. 207, 231 N.W.2d 135 (1975). We nevertheless observe that the opinions of the various police officers and the marshal's brother-in-law were established to have been based on experience with persons who have consumed intoxicants and experience in observing, on numerous occasions, the effect of consumption of excessive intoxicants. A nonexpert witness may testify from his observation as to whether or not another is

intoxicated, and the weight and sufficiency is for a jury to decide. *State v. Lewis*, 177 Neb. 173, 128 N.W.2d 610 (1964). Had the alleged error been properly preserved, we would not have been inclined to say that the admission of the opinion evidence was erroneous.

Neb. Rev. Stat. § 28-904 (Cum. Supp. 1984) provides in part:

(1) A person commits the offense of resisting arrest if, while intentionally preventing or attempting to prevent a peace officer, acting under color of his or her official authority, from effecting an arrest of the actor or another, he or she:

(a) Uses or threatens to use physical force or violence against the peace officer or another; or

(b) Uses any other means which creates a substantial risk of causing physical injury to the peace officer or another; or

(c) Employs means requiring substantial force to overcome resistance to effecting the arrest.

(2) It is an affirmative defense to prosecution under this section if the peace officer involved was out of uniform and did not identify himself or herself as a peace officer by showing his or her credentials to the person whose arrest is attempted.

Appellant asserts that since the complaint alleged that the marshal was in uniform and admittedly was not, the complaint must be dismissed.

We merely point out that the failure to be in uniform is an affirmative defense; therefore, the allegation is surplusage. Furthermore, we point out that the defense is effective only if the officer does not show the person arrested his credentials. The marshal testified that his badge was exhibited to appellant, and that evidence cannot be weighed by us.

The judgment of the district court is affirmed.

AFFIRMED.