Opinion
BONNEY, J.
The issue presented on this appeal is whether the police officer involved had reasonable cause to detain defendant and investigate *Supp. 7 to determine whether defendant was in violation of section 23152, subdivision (a) of the Vehicle Code.
We conclude that reasonable cause did exist and that the ensuing arrest was proper and, therefore, affirm the judgment.
The facts are not in dispute. Police Officer James Buchanan of the Santa Clara Police Department testified at the hearing on the motion that on February 8,1985, he was on patrol in the area of Stevens Creek and Saratoga and “[a]s I had been driving southbound on Saratoga approaching Stevens Creek, I was hailed by a motorist in the lane beside me. He informed me that the car behind him was being driven by what he believed to be a drunk, quote, unquote. I looked behind him and saw Mr. Willard’s car. Upon looking back at the witness, I saw that he was pointing directly at Mr. Willard’s car. The witness then drove off, and I pulled in behind Mr. Willard’s car and made a traffic stop.”
He testified that he stopped defendant solely on the basis of what the motorist told him, that he allowed defendant’s car to pass him, pulled in behind defendant, followed him through the intersection of Stevens Creek and Saratoga, then put on his lights and “pulled him over,” and that his “main concern was if he made another block, he would be very near a freeway on-ramp.”
It is implicit that the officer noticed no erratic driving which formed the basis for the stop. Defendant stopped his vehicle partially in a restaurant driveway, but this fact had no bearing on the officer’s decision to stop defendant, which had already been made.
The officer noted defendant had glassy eyes and the odor of alcohol. He administered field sobriety tests, then placed defendant under arrest for the subject violation.
The officer did not know the motorist who described defendant as a drunk, and the motorist’s identity was not learned, it appears, until after the stop was made.
Defendant’s contentions on this appeal are: 1) the motorist was an anonymous informer and, therefore, not presumptively reliable, and 2) that in any event, the statement of the motorist that the car behind him was being driven by what he thought to be a “drunk” was a mere conclusion and did not contain specific and articulable facts upon which the officer could base a rational conclusion that some activity relating to crime was occurring and that defendant was involved in that activity in accordance with the require *Supp. 8 ments for detention specified in In re Tony C. (1978) 21 Cal.3d 888 [148 Cal.Rptr. 366, 582 P.2d 957],
1. Was the Motorist a Reliable Citizen Witness?
We conclude that the motorist here was clothed with all the indicia of a reliable citizen witness to crime and that the officer could reasonably rely on what the motorist told him, and further, that in the circumstances here, the fact that the officer did not get the motorist’s name and address before detaining defendant did not affect the motorist’s reliability. We do not regard the language in People v. Ramey (1976) 16 Cal.3d 263 [127 Cal.Rptr. 629, 545 P.2d 1333], a case involving probable cause to arrest, that police must “be aware of the identity of the person providing the information and of his status as a true citizen informant” as mandating in all cases of detention the furnishing of a name and address or other identifying information to the police if the circumstances otherwise indicate to the officer that the informer is a reliable witness to a crime in progress and is acting in aid of law enforcement. (See People v. Superior Court (Meyer) (1981) 118 Cal.App.3d 579 [173 Cal.Rptr. 544].) The exigency of the situation was apparent. Both the motorist and the officer were in moving traffic, the freeway entrance was a short distance away, and defendant would have been long gone if the officer had detained the motorist to obtain a name and address and enough information to satisfy himself that the motorist was reliable. In addition, there is no evidence that there was anything about the motorist to suggest that he was acting from ulterior motive, and he acted openly, exposing himself to identification. Furthermore, as a motorist on the highway, he, himself, was exposed to the hazard of a drunk driver immediately behind him in his lane of traffic. We conclude from all the facts and circumstances that the motorist was a reliable citizen witness and that the officer could rely on the information he received.
2. Did the Officer Obtain Sufficient Information From the Motorist to Justify the Detention?
We conclude that he did, and that the facts here satisfy the requirements of In re Tony C., supra.
The specific and articulable facts which led the officer here to suspect that criminal activity was taking place and that defendant was involved in that activity were: (1) the reliable statement of the motorist that defendant’s car was being driven by a “drunk,” and (2) the officer’s own concurrent observations of the defendant in the act of driving a vehicle on a public highway.
*Supp. 9 Defendant argues that the statement of the motorist to the officer that defendant’s car was being driven by a “drunk” was a mere conclusion and there were no factual statements underlying that conclusion made to the officer on the basis of which the officer himself could have formed an opinion one way or the other as to whether there was cause to believe defendant was indeed drunk. Appellant argues in effect that had the motorist told the officer that he had seen the defendant weaving, or speeding, or running a red light, or that he had spoken to defendant and that his speech was slurred or his eyes glassy, or he smelled of alcohol, that would have been sufficient to justify the detention, but that the absence of these magic recitations of fact in the exigencies of moving traffic renders the detention illegal.
The information of a reliable citizen witness may be taken as true or at “face value” (People v. Baker (1970) 12 Cal.App.3d 826 [96 Cal.Rptr. 760]), and we believe the statement that defendant’s vehicle was being driven by what the motorist believed was a “drunk” is, and would be commonly understood to be, a statement of a fact observed by the motorist. The objective signs of intoxication are matters of common knowledge and experience. Implicit in the motorist’s statement is that he had observed defendant and believed him to be drunk. We find no other common sense explanation for his statement.
Furthermore, it is well established in California that a police officer may detain and question a citizen under circumstances short of probable cause to arrest: “The accepted guideline for temporary stopping for questioning is whether a reasonable man in the same circumstances would believe such conduct necessary to a proper discharge of duties. [Citation.] The strength of the information an officer should have to engage in questioning is necessarily much less than it would be for an arrest. [Citation.] The Supreme Court ‘stop and frisk’ cases, as summarized in Terry v. Ohio . . . have not abolished the California rule permitting a temporary detention for questioning where the officer can point to reasons beyond a mere hunch, for questioning the suspects. ” (People v. Stephenson (1969) 268 Cal.App.2d 908, 910-911 [74 Cal.Rptr. 504]. See also In re Tony C., supra, 21 Cal.3d 888; People v. Flores (1974) 12 Cal.3d 85 [115 Cal.Rptr. 225, 524 P.2d 353]; Green v. Dept. of Motor Vehicles (1977) 68 Cal.App.3d 536 [137 Cal.Rptr. 368]; People v. Gibson (1963) 220 Cal.App.2d 15 [33 Cal.Rptr. 775]; Williams v. Superior Court (1969) 274 Cal.App.2d 709 [79 Cal.Rptr. 489]; People v. Martinez (1970) 6 Cal.App.3d 373 [86 Cal.Rptr. 49]; People v. Superior Court (Meyer), supra, 118 Cal.App.3d 579.)
Here, defendant relies on the language in People v. Ramey, supra, to the effect that the rule regarding the reliability of a citizen witness “. . . does not, of course, dispense with the requirement that the informant—whether *Supp. 10 citizen or otherwise—furnish underlying facts sufficiently detailed to cause a reasonable person to believe that a crime had been committed and the named suspect was the perpetrator . . . .” (16 Cal.3d at p. 269.)
Defendant overlooks the fact that the court in Ramey was speaking specifically to the issue of probable cause to arrest, not detain, which, of course, requires sufficient information to lead a reasonable person to believe: (1) that a crime has been committed, and (2) that defendant is guilty thereof, and the court in Ramey found probable cause to arrest solely on the information furnished by an informant.
The court in In re Tony C., supra, 21 Cal.3d 888, however, was careful to ground probable cause to detain on an entirely different footing, and the pertinent language of that case bears rereading. In that case, two juveniles on the public street were detained during the noon hour when school was not in session. They were engaged in no unusual activity, and no recent crimes had been reported in the vicinity which could possibly implicate the two minor defendants. The stop was based on mere hunch.
The court points out that reasonable cause to believe that a crime has in fact been committed and defendant is guilty thereof is not required in detention, and that indeed a person properly detained may be guilty of no offense, and a salient holding of In re Tony C., supra, 21 Cal.3d 888, is that the suspect activity may be consistent with innocent as well as criminal conduct, and the purpose of detention is to resolve that ambiguity: “It is settled that circumstances short of probable cause to make an arrest may justify a police officer stopping and briefly detaining a person for questioning or other limited investigation.” (At p. 892.) “[I]n order to justify an investigative stop or detention the circumstances known or apparent to the officer must include specific and articulable facts causing him to suspect that (1) some activity relating to crime has taken place or is occurring or about to occur, and (2) the person he intends to stop or detain is involved in that activity. . . . The corollary to this rule, of course, is that an investigative stop or detention predicated on mere curiosity, rumor, or hunch is unlawful. . . .” (At p. 893.) “The possibility of an innocent explanation does not deprive the officer of the capacity to entertain a reasonable suspicion of criminal conduct. Indeed, the principal function of his investigation is to resolve that very ambiguity and establish whether the activity is in fact legal or illegal—to ‘enable the police to quickly determine whether they should allow the suspect to go about his business or hold him to answer charges.’” (At p. 894.)
In this case, the officer had reliable information on which he could base a rational suspicion: (1) that criminal activity was in progress (the *Supp. 11 report of the motorist that he believed defendant to be drunk), and (2) that defendant was connected with that activity (the officer’s own contemporaneous observations of defendant in the act of driving a vehicle on a public highway). We conclude these facts meet the criteria of In re Tony C., supra, for detention and investigation.
The judgment of conviction is affirmed.
Chapman, P. J., and Komar, J., concurred.