STATE OF NEBRASKA, APPELLEE, V. DUDLEY HALLIGAN, APPELLANT.
387 N.W.2d 698

Filed May 30, 1986.    No. 85-686.

John P. Heitz of Cronin, Symonds & Heitz, for appellant.

Robert M. Spire, Attorney General, and Janie Castaneda, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Defendant, Dudley Halligan, was charged by complaint filed July 10, 1984, in the county court for Brown County, Nebraska, with three offenses: (1) driving under the influence of intoxicating liquor in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1984); (2) reckless driving in violation of Neb. Rev. Stat. § 39-669.01 (Reissue 1984); and (3) refusal to submit to a chemical test for alcohol content in the body in violation of Neb. Rev. Stat. § 39-669.08(3) (Reissue 1984). Defendant pled not guilty to each charge. The case was tried to the county court sitting without a jury, and the charges were heard separately. The county court found Halligan "guilty of Reckless Driving" and "guilty of Driving While Under the Influence," and dismissed the charge of refusal to submit to a chemical test.

The court sentenced the defendant to serve 7 days in the Brown County jail, to pay a fine of $200, and revoked the defendant's driver's license for 6 months on the charge of driving while intoxicated and sentenced the defendant to serve 5 days in the Brown County jail on the charge of reckless driving.

Notice of appeal to district court was timely filed. The district court reversed the reckless driving conviction but affirmed the conviction for driving while intoxicated. Defendant timely appealed to this court from his conviction of driving while under the influence of intoxicating liquors.

In this court defendant assigns four errors: (1) It was error for the trial court to allow the arresting officer to testify; (2) It was error for the trial court to allow a witness with an admitted bias to testify; (3) It was error for the trial court to fail to find the evidence insufficient to establish guilt beyond a reasonable doubt; and (4) It was error for the district court to affirm the conviction for driving while intoxicated. For the reasons stated below we affirm.

With regard to defendant's first assignment of error—that the arrest was unlawful as a warrantless arrest and the ensuing testimony of the arresting officer inadmissible—we disagree.

Neb. Rev. Stat. § 29-404.02 (Reissue 1985) provides the

guidelines for a warrantless arrest and, in relevant part, sets out:

> A peace officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed:
>
> . . . .
>
> (2) A misdemeanor, and the officer has reasonable cause to believe that such person either (a) will not be apprehended unless immediately arrested; (b) may cause injury to himself or others or damage to property unless immediately arrested; (c) may destroy or conceal evidence of the commission of such misdemeanor; or (d) has committed a misdemeanor in the presence of the officer.

We have recently reaffirmed what constitutes reasonable or probable cause. In *State v. Klingelhoefer, ante* p. 219, 222-23, 382 N.W.2d 366, 369 (1986), we stated:

> " '[T]he test of probable cause for a warrantless arrest is whether at the moment the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.' "

We find that the sheriff had probable cause to believe that a misdemeanor had been committed based upon the following facts: defendant's breath smelled of alcohol, his eyes were bloodshot, and his speech was slurred. We further find that the sheriff had probable cause to believe that a warrantless arrest was justified under § 29-404.02(2)(c) because evidence would be destroyed without immediate action. The body would metabolize the alcohol and the evidence would be lost. The arrest of defendant without a warrant was valid under § 29-404.02(2)(c). See *Schmerber v. California*, 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966).

In connection with defendant's second assignment of error, the assignment is not discussed, nor is any proposition of law set out or case cited in defendant's brief in support of the assignment. Generally, this court will not address errors assigned but not discussed. Neb. Ct. R. of Prac. 9D(1)d (rev. 1983); *Bauer v. Peterson*, 212 Neb. 174, 322 N.W.2d 389 (1982).

Defendant's second assignment will not be addressed.

Defendant's third and fourth assignments are directed to the question of the sufficiency of the evidence to support defendant's conviction.

We have held:

> In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact. The verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it.

*State v. Schenck, ante* p. 523, 529-30, 384 N.W.2d 642, 647-48 (1986).

The facts of the case are as follows. On June 24, 1984, defendant was involved in a one-vehicle accident near Long Pine, Nebraska. Defendant was alone in a pickup truck. The pickup struck a tree when it left the road after defendant lost control. The vehicle was in a sliding skid, with the vehicle traveling sideways. The pickup became airborne, rolled over several times, and, as one witness testified, "settled down" after it struck the tree. Defendant was transported to Brown County Hospital by ambulance.

At the scene Deputy Sheriff Jerry Benne noticed that defendant's breath smelled of alcohol. Three full cans of beer were in the vehicle. The testimony of the two nurses who attended defendant at the hospital was in agreement regarding defendant's appearance. Defendant's eyes were bloodshot, his breath smelled of alcohol, and his speech was slow and slurred. Defendant responded to questions addressed to him.

Defendant's assignment of error questioning the sufficiency of the evidence to sustain his conviction is without merit. While the evidence shows that defendant was in pain while at the hospital, may well have been suffering from a concussion, and was not observed by any witness while he was standing, the undisputed evidence showed that defendant's eyes were bloodshot, his breath smelled strongly of alcohol, and his speech was slurred. One nurse testified that defendant touched

and grabbed her in such personal ways that the nurse wore the protective lead apron, designed to protect the wearer against x-ray effects, as protection against defendant's actions. The same nurse testified that defendant told her that he had "one too many beers."

In addition, both nurses testified that in their opinion defendant was under the influence of alcoholic liquors when admitted to the hospital. Defendant made no objection to such opinion testified to by one nurse. Defendant's only objection to the opinion of the second nurse was that she was "biased." This objection apparently was the subject of defendant's second assignment of error, which, as stated above, was not discussed in defendant's brief. The opinions of both nurses were properly considered by the trial court. When the opinion testimony is before the court without valid objections to such testimony, a different factual picture is presented to the trier of fact than that presented in *State v. Johnson*, 215 Neb. 391, 338 N.W.2d 769 (1983).

We determine there was sufficient evidence before the trial court to sustain defendant's conviction, and his sentence is affirmed.

AFFIRMED.