[Crim. No. 11749.   Second Dist., Div. Two.   Feb. 2, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. BERNARD BIRD, Defendant and Appellant.

Richard Sherman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Bruce William Dodds, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J. — After a nonjury trial appellant was convicted of possession of marijuana. On this appeal from the judgment he states his basic contention as follows:

"The appellant herein does not challenge the sufficiency of the evidence; and his basis for appeal is that the evidence introduced against him in the court below was obtained as the result of an illegal arrest, search and seizure."

▇▇▇ Shortly before midnight on July 30, 1965, Officers Moody and Ostrom of the Los Angeles Police Department were on patrol duty in their police car when they received a radio report of a robbery. According to this report the robbery had been committed on Ninth Street between Serrano and Hobart in the Wilshire district of Los Angeles just before the broadcast and the suspected robbers were described as "three, or possibly four, male negroes in a small white vehicle."

Approximately 45 minutes later, at about 12:15 a.m., the officers observed a small white Renault automobile carrying three occupants and proceeding eastwardly on Eleventh Street in the same vicinity and only three or four blocks distant from the place of the reported robbery.

The officers testified that they stopped the Renault because it resembled the small white vehicle described in the robbery report which they had just received and because they could see three occupants in the vehicle, a number corresponding substantially with the robbery report. In the darkness the officers were unable to discern the color or appearance of the occupants of the Renault until after they had stopped it.

As Officer Moody approached the stopped vehicle on the passenger side, he observed that the right front door was open two or three inches. At about the same time he saw an object drop through the opening at the bottom of the door and fall onto the street. Appellant was seated in the passenger seat on the right side of the vehicle by the partially open door. The officer picked up the fallen object which appeared to him to be a marijuana cigarette. Thereupon Officer Moody informed his fellow officer of this fact and asked the defendants to step out

of the car. In a cursory search of appellant and the driver of the vehicle, Officer Moody found another cigarette protruding from the inside of one of appellant's socks.

It was stipulated that both the cigarette which was dropped from the car and that which was found in appellant's sock contained marijuana. Appellant's objection to the receipt of the incriminating evidence on the ground that it was obtained as the result of an illegal arrest, search and seizure was over-ruled.

Applying the law as stated in *People* v. *Mickelson,* 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658], we hold that in view of the described circumstances of this case, the trial court was provided with a sound and sufficient factual basis for its conclusion that the officers acted reasonably and properly in stopping the Renault in order to ascertain whether or not its occupants sufficiently fitted the description of the escaped robbers to warrant interrogation or further investigation in connection with the reported robbery.

As observed in *Mickelson* at page 450, "[W]e have consistently held that circumstances short of probable cause to make an arrest may still justify an officer's stopping pedestrians or motorists on the streets for questioning." And further, as was stated in the same decision at page 452:

"We do not believe that our rule permitting temporary detention for questioning conflicts with the Fourth Amendment. It strikes a balance between a person's interest in immunity from police interference and the community's interest in law enforcement. It wards off pressure to equate reasonable cause to investigate with reasonable cause to arrest, thus protecting the innocent from the risk of arrest when no more than reasonable investigation is justified. (See Barrett, *Personal Rights, Property Rights, and The Fourth Amendment,* 1960 Sup.Ct.Rev. 46, 65-66, 69-70.) "

In the factually similar case of *People* v. *Cowman,* 223 Cal.App.2d 109 [35 Cal.Rptr. 528], we applied the *Mickelson* rule and summarized a number of California precedents wherein the stopping of motor vehicles for the purpose of interrogating the occupants was held proper in a variety of comparable circumstances.

To the same effect is *People* v. *Perez,* 243 Cal.App.2d 528, 531 [52 Cal.Rptr. 514], wherein it is observed that "There is no precise formula by which it can be determined whether an officer acted lawfully in stopping a pedestrian or a motorist for questioning; the test is '. . . when the circumstances are

such as would indicate to a reasonable man in a like position that such a cause is necessary in the proper discharge of his duties.' [Citations.] The reasonableness of an officer's action depends upon the facts and circumstances of the particular case. [Citations.] ''

Appellant's reliance upon our decision in *Hood* v. *Superior Court*, 220 Cal.App.2d 242 [33 Cal.Rptr. 782], is misplaced. As we observed in *People* v. *Cowman, supra*, 223 Cal.App.2d 109, at p. 116, we expressly refrained in *Hood* from deciding the question here presented. The distinguishing features of *Hood* as noted in *Cowman* are again emphasized in *People* v. *Nailor*, 240 Cal.App.2d 489, 493 [49 Cal.Rptr. 616].

The coincidence of the proximity of the scene of the reported robbery to the place where the vehicle in question was stopped with the relatively short time interval between the reported robbery and the stopping of the vehicle, the similarity in the description of the robbery car, and the correspondence in the number of occupants in the two vehicles added up to a combination of circumstances which certainly justified the police action taken in this case.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.