RUDOLPH J. ILDEFONSO, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6691

May 10, 1972                           496 P.2d 752

*Robert G. Legakes*, Public Defender, and *Steven L. Godwin*, Deputy Public Defender, Clark County, for Appellant.

*Robert List*, Attorney General; *Roy A. Woofter*, District Attorney, and *Charles L. Garner*, Chief Deputy for Appeals, Clark County, for Respondent.

---

# OPINION

*Per Curiam:*

On the night of December 29, 1970, Clark County sheriff's deputies received a radio broadcast that an armed robbery had just occurred at a bar located on the Boulder highway, and that the suspect was a male who fled in a vehicle having three tail lights. No other descriptive information was contained in the broadcast. About five minutes after receiving the broadcast, the deputies, some distance from the robbery site, observed a car which had three tail lights. It was not in violation of any equipment regulations, nor was it observed to be committing any traffic offenses. The vehicle was stopped for investigation, solely on the basis of its similarity to the description received over the police radio.

As the appellant alighted from the vehicle one of the deputies observed in plain view paper money and coins scattered on the floor. Also visible was the butt of a gun protruding from under the seat of the car. Upon this evidence the appellant was then arrested, charged with the robbery of the bar, tried before a jury and convicted.

This appeal challenges the legality of the initial stop of the vehicle on the ground that the deputies lacked probable cause to make the stop for investigative purposes. We affirm the judgment of conviction.

An officer may stop the occupants of an automobile for legitimate police investigation so long as there is probable cause for that action. This is proper although there is not probable cause for arrest at that moment. If the subsequent investigation, together with the information originally received combines to supply probable cause for arrest, the arrest may be made and a reasonable incidental search conducted. Robertson v. State, 84 Nev. 559, 445 P.2d 352 (1968); People v. Bird, 56 Cal.Rptr. 501 (Cal.App. 1967); People v. Perez, 52 Cal.Rptr. 514 (Cal. App. 1966); People v. Propp, 45 Cal.Rptr. 690 (Cal.App. 1965); cf. People v. Mickelson, 380 P.2d 658 (Cal. 1963).

The information about a get-away vehicle with only three tail lights was sufficient to supply probable cause to stop the vehicle for investigation.

The action of the deputies was neither arbitrary, harassing, capricious nor unreasonable. Wilson v. Porter, 361 F.2d 412 (9th Cir. 1966).

Affirmed.