ROBERT FRANKLIN JACKSON, Appellant, *v.*
STATE OF NEVADA, Respondent.

No. 7124

July 8, 1974 523 P.2d 850

*Morgan D. Harris,* Public Defender, and *Robert L. Stott,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

While on a routine patrol at approximately 1:30 a.m. on the morning of August 7, 1970, in the vicinity of Jackson and H Streets in Las Vegas, Nevada, two police officers observed the appellant leaving an apartment complex. There were no other persons in the vicinity. As he walked along the sidewalk on H Street the officers observed a plastic baggie in his hand. Appellant looked in the direction of the police officers, dropped the baggie and proceeded along the sidewalk to a car parked at the curbside.

Keeping appellant under constant visual surveillance, the officers turned their patrol car around and pulled in behind the parked vehicle, commanded him to step away from the vehicle, and requested his identification. One of the officers immediately retrieved the discarded plastic baggie, opened it and found several toy balloons containing capsules which appeared to be heroin. Appellant was advised that he was under arrest for possession of narcotics.

In this appeal Jackson urges that his identification by the officers stemmed from an illegal stop and detention. This contention is without merit.

NRS 171.123(1) allows a police officer to "detain any person whom such officer encounters under circumstances which reasonably indicate that such person has committed, is committing or is about to commit a crime." Here the conduct of the appellant was sufficient to lead the officers "reasonably to conclude in light of his [their] experience that criminal activity may [might] be afoot. . . ." Terry v. Ohio, 392 U.S. 1, 30 (1967). See also Wright v. State, 88 Nev. 460, 499 P.2d 1216 (1972).

The record contains substantial evidence to support the finding of probable cause to stop and detain. Terry v. Ohio, supra, Wright v. State, supra.

NRS 171.123(1) requires only a reasonable indication of criminal activity to justify a stop and detention. Here the officers, with some training in the detection of narcotics violations, were reasonably prompted to stop and detain appellant upon viewing his act of dropping the plastic baggie when he became aware of their presence.

The judgment and conviction is affirmed.