EARL DOUGLAS STUART, Jr., Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 9715

December 5, 1978            587 P.2d 33

*Horace R. Goff,* Nevada State Public Defender, *J. Thomas Susich,* Chief Deputy Public Defender, and *J. Gregory Damm,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *William Macdonald,* District Attorney, and *James Fallman,* Assistant District Attorney, Humboldt County, for Respondent.

## OPINION

*Per Curiam:*

Appellant stands convicted, by jury verdict, of possession of

a controlled substance (NRS 453.336) and escape from lawful custody (NRS 212.090). His sole contention in this appeal is that the district court erred by denying his motion to suppress evidence of the contraband.

On September 12, 1975, a Nevada Highway Patrol officer observed a 1969 Ford Galaxie 500 automobile with Oregon license plates near the Button Point interchange on Interstate 80 east of Winnemucca, Nevada. The officer noticed that the trunk lock on the vehicle was missing and stopped the vehicle to ascertain whether it was stolen. The officer approached the vehicle and asked appellant, the driver, for his driver's license and vehicle registration. During this investigation the officer noticed what appeared to be marijuana seeds on the floor in the front seat of the vehicle and detected an odor of marijuana in the car. Appellant was then arrested for possession of a controlled substance.

Appellant contends evidence of the marijuana should have been suppressed because the vehicle was stopped without probable cause and any evidence obtained as a direct result of this unlawful police conduct is inadmissible. We disagree.

NRS 171.123(1) authorizes a police officer to "detain any person whom such officer encounters under circumstances which reasonably indicate that such person has committed . . . a crime." Pursuant to this standard, in order to justify a stop and detention, the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, lead the officer reasonably to conclude, in light of his experience, that criminal activity may be afoot. *See* Terry v. Ohio, 392 U.S. 1 (1968); Jackson v. State, 90 Nev. 266, 523 P.2d 850 (1974).

The officer, in this case, had observed the missing trunk lock and, based upon training he had received at the Highway Patrol Academy, inferred that the vehicle might be stolen.[1] Under these circumstances, we believe the officer's conclusion was reasonable and he was justified in stopping the vehicle for routine questioning and investigation. *See* Washington v. State, 94 Nev. 181, 576 P.2d 1126 (1978); Jackson v. State, *supra. Cf.* United States v. Leal, 460 F.2d 385 (9th Cir. 1972); People v. Chapman, 109 Cal.Rptr. 840 (Cal.App. 1973); People v. Perez, 52 Cal.Rptr. 514 (Cal.App. 1966).

---

[1]The officer's training included classroom instruction on material in an Academy pamphlet entitled "Detection and the Development of Probable Cause in Stolen Automobile Investigations." The pamphlet provided, in pertinent part:

Since the officer had lawfully attained the position from which he observed the marijuana in plain view, he had a right to seize it and, therefore, the marijuana was properly admitted into evidence. Woerner v. State, 85 Nev. 281, 453 P.2d 1004 (1969). *See* State v. Taras, 504 P.2d 548 (Ariz.App. 1972). *Cf.* Harris v. United States, 331 U.S. 145 (1947).

Accordingly, the district court properly denied appellant's motion to suppress.

Affirmed.

"Evidence of damage to a deck lid, indicating forced entry into the trunk of an automobile, is particularly indicative of irregularity. Certainly few, if any, owners resort to willful damage to gain entry to a locked trunk compartment. This condition is easily recognizable, even at a considerable distance. Occasionally, thieves gain entry to trunk compartments by drilling, punching or forcefully removing or damaging the deck lid, lock cylinder or handle. The damage or *complete absence of a trunk cylinder is easily observed and invites suspicion.*" (Emphasis added.)