**STATE of Iowa, Plaintiff-Appellant,**

v.

**Jack L. CONGER, Defendant-Appellee.**

No. 84–757.

Court of Appeals of Iowa.

Aug. 29, 1985.

Christopher Cogley, Asst. Jasper Co. Atty., Newton, for plaintiff-appellant.

Richard N. Carlson of Fairall, Fairall & Kaplan, Marshalltown, for defendant-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL, and SACKETT, JJ.

SCHLEGEL, Judge.

This case reaches us on application for discretionary review of a district court order suppressing evidence seized during a search of the passenger compartment of defendant's semi-trailer truck cab, during a stop for speeding. The supreme court granted discretionary review.

The defendant, Jack Conger, a trucker, was stopped for speeding by Iowa State Trooper John Simpson. When the defendant climbed down from the cab of his truck, Simonson observed a .357 Magnum bullet drop from the defendant and roll into the lane of traffic. The driver picked the bullet up and put it in his pocket. Simonson directed Conger to go sit in the patrol car, where he ascertained that Conger had no gun in the area of his waist. Simonson then called trooper Ponsetto to assist him. Within a very short time trooper Ponsetto arrived at the scene. Simonson told Ponsetto that he believed there was a gun in the truck, and directed Ponsetto to search it.

Ponsetto's search found a .357 Magnum in a piece of luggage between the two seats in the cab of the truck. The luggage was partially unzipped. The gun was fully loaded, and was in a leather holster. As a result of that discovery, Simonson arrested the defendant for carrying a concealed weapon. He also found five more bullets in defendant's right pocket.

Following the observation of the dropped bullet, Simonson had asked the defendant if there was a gun in the truck. Conger replied in the negative, indicating that he had left the gun at home.

Simonson also learned that Conger had an Illinois operator's license. Since Illinois was not a member state for the collection of fines, interstate, it was likely that Simonson would have required Conger to return to his truck, follow the trooper to the Jasper County Courthouse in Newton, and post bond before releasing him to go on his way.

As stated above, on the basis of the discovery of the gun in the cab of the truck, Simonson charged Conger with the crime of carrying a concealed weapon, in addition to the speeding charge. Conger moved to suppress the evidence obtained by the search of the truck cab on grounds that the search was an unreasonable search and seizure. The trial court agreed and ordered the evidence suppressed.

■ In this review of the constitutional validity of the search conducted in this case, we independently review the totality of the circumstances as shown by the record. *State v. Schubert,* 346 N.W.2d 30, 32 (Iowa 1984).

■ On our de novo review, we believe that the officer's search of the cab of the truck was a justified protective search under the extension of the doctrine of *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968), by the recent case of *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).

*Terry v. Ohio,* 392 U.S. at 21–22, 88 S.Ct. at 1880, 20 L.Ed.2d at 905–06, approved the investigative stop and the subsequent search and seizure of weapons when the officer has specific and articulable cause to reasonably believe that criminal activity is afoot. *Michigan v. Long* held that a stop and frisk is not limited to the person of the defendant and concluded:

> [T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant" the officers in believing that the suspect is dangerous and the suspect may gain immediate possession of weapons.

*Michigan v. Long,* 463 U.S. at 1049, 103 S.Ct. at 3480, 77 L.Ed.2d at 1220.

We believe that Simonson, seeing the bullet that dropped from Conger, and satisfying himself that Conger had no weapon upon his person, together with the admission that Conger owned a weapon which he (falsely) stated he had taken from the truck and had left at home, had specific articulable facts upon which to form a reasonable belief that the defendant was dangerous, and had the ability, given a return to the cab of his truck, to gain immediate control of a weapon. A search was justified under the circumstances, based upon the following reasons set forth in *Michigan v. Long:* (1) protection of police and others can justify protective searches when police have a reasonable belief that the suspect poses a danger; (2) roadside encounters between police and suspects are especially hazardous; and (3) danger may arise from the possible presence of weapons in the area surrounding a suspect. 463 U.S. at 1048–49, 103 S.Ct. at 3479–80, 77 L.Ed.2d at 1219–20.

We do not believe, after balancing the serious "intrusion upon cherished personal security," *Terry,* 392 U.S. at 24–25, 88 S.Ct. at 1881–82, 20 L.Ed.2d at 908, against the "need for law enforcement officers to protect themselves and other prospective victims of violence in situations where they

lack probable cause for arrest," *id.* at 24, 88 S.Ct. at 1881, 20 L.Ed.2d at 907–08, that Simonson was required to permit Conger to return to his unsearched vehicle. We should not require an officer in such a potentially hazardous situation to speculate upon the conduct a detainee might pursue if in possession of the weapon the officer reasonably believes is in the detainee's vehicle.

We hold that *Michigan v. Long,* 463 U.S. at 1049, 103 S.Ct. at 3480, 77 L.Ed.2d at 1220, directs that in this case, the evidence was not obtained by an unreasonable search and seizure, and that it should not have been suppressed. On this discretionary review, we reverse the trial court's suppression of the evidence in this case.

REVERSED.