## THE STATE OF NEVADA, Appellant, v. HERBERT IRVING WRIGHT, Respondent.

No. 18276

October 24, 1988 763 P.2d 49

*Brian McKay*, Attorney General, Carson City; *Rex Bell*, District Attorney, *Thomas L. Leen*, Deputy District Attorney, Clark County, for Appellant.

*Morgan D. Harris*, Public Defender, *George E. Franzen*, Deputy Public Defender, Clark County, for Respondent.

---

## OPINION

*Per Curiam:*

On July 19, 1985, respondent Herbert Irving Wright was stopped by police officers while driving in Las Vegas. The officers' attention was drawn to Wright's vehicle because it was a 1972 black over white Mercury Montego. An elderly couple had been robbed nearby the night before, at about the same time, and the suspects had escaped in a vehicle reported to be a 1974 black over white Ford Torino. The officers decided to investigate Wright's vehicle, believing it might be the one involved in the robbery.

As the officers pulled up behind Wright's vehicle, they noticed that the right-hand signal was flashing, but the car was not moving to the right. The officers then signaled Wright to pull over, but he traveled approximately 100 feet before doing so. This conduct aroused the officers' suspicions.

After stopping the car, Wright and his companion got out and approached the police. It was immediately obvious that the two men were white, while the robbery suspects were black. Since the vehicle itself could have been used in the robbery, Officer Kravetz examined it,[1] while Officer Sheffer questioned the two men. They admitted they were ex-felons. While walking around the car, Kravetz observed a bullet lying on the front floorboard. He communicated this information to Sheffer, who began to search the men. Kravetz opened the front door of the car, looked under the front seat, and found a gun. Both men were then arrested for being ex-felons in possession of a firearm. NRS 202.360. A subsequent inventory search of the car resulted in the discovery of 238 grams of methamphetamine.

When the state brought charges against Wright for drug trafficking, he filed a motion to suppress the evidence of drugs on the

---

[1]The eyewitness to the robbery told the police that the escape vehicle had bumped into another car as the perpetrators left the scene of the crime. If Wright's vehicle had been involved, the officer could have found signs of front-end damage.

basis that the initial stop of the car was unlawful. The district court granted the motion, reasoning that the stop closely resembled a general roadblock and therefore infringed upon respondent's fourth amendment rights. For the reasons expressed in this opinion, we reverse the decision of the district court.

A stop is lawful if police reasonably suspect that the persons or vehicles stopped have been involved in criminal activity. United States v. Cortez, 449 U.S. 411 (1981); Stuart v. State, 94 Nev. 721, 587 P.2d 33 (1978); Ildefonso v. State, 88 Nev. 307, 496 P.2d 752 (1972); NRS 171.123. Officers Kravetz and Sheffer reasonably relied on a police report which stated that a 1974 black over white Ford Torino had been involved in a robbery. The robbery had occurred the night before the officers spotted Wright's vehicle, in the same general area and at the same time of night. The officers could reasonably decide that vital information could be obtained from examining the vehicle and briefly questioning its occupants. This provided a particularized and objective basis for stopping Wright's vehicle. *Cortez, supra,* 449 U.S. at 417.

We conclude that the stop was reasonable and lawful, and did not violate respondent's constitutional rights. The bullet found lying on the floorboard was in plain view; therefore its discovery was not unlawful.[2] California v. Ciraolo, 476 U.S. 207, 106 S.Ct. 1809 (1986); Wright v. State, 88 Nev. 460, 499 P.2d 1216 (1972). The presence of a bullet could reasonably indicate the presence of a gun, justifying a search of the passenger compartment to insure the officers' safety. Michigan v. Long, 463 U.S. 1032 (1983). Wright and his companion had already told the officers they were ex-felons, justifying their arrest on the possession charge. The inventory search was properly conducted pursuant to the arrest. Illinois v. Lafayette, 462 U.S. 640 (1983).

The motion to suppress the evidence of drugs found in Wright's vehicle was erroneously granted. We therefore reverse the order of the district court.

---

[2]The car was stopped at night and Kravetz used a flashlight to make his examination, but the use of a flashlight does not intrude on fourth amendment rights. Texas v. Brown, 460 U.S. 730, 740 (1983).