STATE of Iowa, Plaintiff–Appellee,

v.

Mark S. VARVEL, Defendant–Appellant.

No. 87–1214.

Court of Appeals of Iowa.

Dec. 22, 1988.

Raymond Rogers, Acting Chief Appellate Defender, and James F. Whalen, Asst. Appellate Defender, for defendant–appellant.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., and Steven M. Foritano, Asst. Polk County Atty., for plaintiff–appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

Defendant appeals from his conviction, after a bench trial, for first-degree robbery. He contends the trial court erred by overruling his motion to suppress the fruits of an illegal car stop.

At about 3:20 a.m. on February 12, 1987, a Pester Derby station in Des Moines was robbed at gunpoint by someone identified by the on-duty clerk as a white male between twenty and thirty years old weighing about 170 pounds and wearing a green ski mask and tan gloves. After taking about $89 in cash and six packs of Marlboro cigarettes, the robber fled the store northbound on foot across a parking lot.

The clerk immediately telephoned the police with this information, which was broadcast on the police radio and overheard by an officer driving south toward the Pester Derby station. This officer saw a Buick approaching him less than five minutes after the robbery. No other civilian cars were in the area at that early hour. The officer testified that the driver, who matched the clerk's description of the robber, began moving around in the front seat as if trying to hide something after the officer began following him. The officer then stopped the Buick to investigate and observed on the front seat several packs of Marlboros, cash, light brown gloves, and a green ski mask. This evidence eventually led to the conviction of the driver, Mark Varvel, for first-degree robbery.

The only issue on appeal is whether the trial court erred in overruling Varvel's motion to suppress the evidence discovered as a result of his car being stopped. Varvel contends that the officer had no reasonable cause for stopping him. The State responds that an investigatory stop was fully justified by the fact that Varvel matched the clerk's description of the robber and was driving the only car observed in the vicinity of the robbery within minutes after it happened.

When confronted with an alleged constitutional violation, we resolve the issue by making our own independent evaluation of the totality of the circumstances. *State v. Johnson,* 395 N.W.2d 661, 663 (Iowa App.1986); *State v. Conger,* 375 N.W.2d 278, 279 (Iowa App.1985). Our review is de novo. *State v. Harlan,* 301 N.W.2d 717, 718 (Iowa 1981).

Defendant alleges a violation of his fourth amendment rights. The governing constitutional principles are well settled. The law, as outlined in *State v. Aschenbrenner,* 289 N.W.2d 618, 619 (Iowa 1980), provides:

An officer must have reasonable cause to stop a vehicle. In order to establish reasonable cause when the grounds are challenged, the State must show that the officer had specific and articulable cause

 

to support a reasonable belief that criminal activity may have occurred. Officers are bound by their true reason for making the stop. They may not rely on reasons they could have had but did not actually have. If the State fails in its burden, evidence taken as a result of the stop must be suppressed. (citations omitted)

■ Circumstances giving rise to suspicion or curiosity will not suffice. *State v. Dixon*, 241 N.W.2d 21, 23 (Iowa 1976). However, reasonable cause exists when an officer observes unusual conduct leading the officer to conclude that criminal activity may be afoot. *State v. Lamp*, 322 N.W. 2d 48, 51 (Iowa 1982). For example, together the facts that defendants were traveling unusually slow, crossing the center line, and stopping at an intersection which had no stop sign were circumstances justifying an investigatory stop. *Id.*

The court in *Lamp* found three factors significant in determining reasonable cause. They were: 1) the officer was investigating a specific crime; 2) he had a description of the assailant and the vehicle he was driving; and 3) the perpetration of the crime was reasonably close in time (approximately four and one-half hours) and distance (approximately five miles) to the investigatory stop under the circumstances. *Id.*

The officer in this case was responding to a radio dispatch regarding a specific crime. He had a description of the robber. It was approximately five minutes after the robbery and the officer was within two miles of the gas station.

■ The circumstances justifying the investigatory stop include the fact that it was 3:30 a.m. and no other car was in the area. Defendant matched the description given and was headed in the direction described by the station attendant. Finally, after the officer began observing this car, the driver began moving around as if he was trying to hide something.

Based on the totality of the circumstances, we find that reasonable cause existed for the investigatory stop. Therefore, the trial court properly overruled defendant's motion to suppress the evidence seized.

AFFIRMED.