808 P.2d 324

**The STATE of Arizona, Appellee,**

v.

**David L. TAYLOR, Appellant.**

**No. 2 CA–CR 89–0648.**

Court of Appeals of Arizona,
Division 2, Department A.

Nov. 20, 1990.

Review Granted April 23, 1991.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Eric A. Bryant, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Nancy F. Jones, Tucson, for appellant.

## OPINION

LIVERMORE, Presiding Judge.

On February 12, 1989, two police officers saw defendant drinking a beer in a Tucson city park, a violation of a municipal ordinance. They approached him intending to write a citation for that offense. One of the officers searched defendant and found hashish folded in a paper in his billfold. Had that hashish not been found, both officers agree, defendant would have been free to leave.[1] The issue raised by these facts is whether officers are free to search anyone they might arrest but have no intention of arresting under a search incident to arrest theory. We believe they may not. Accordingly, we reverse defendant's conviction for possession of hashish.

In *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), and *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973), the court upheld a full search of the person being arrested incident to that arrest. When custodial arrest, defined in *Robinson* as "the taking of a suspect into custody and transporting him to the police station," 414 U.S. at 235, 94 S.Ct. at 476, 38 L.Ed.2d at 440, is in issue, that search for weapons and destructible evidence is authorized, even without reason to believe that either would be present, in part because the arrest itself would create a motivation to use a weapon or destroy evidence. That rationale cannot apply when a person is not being taken into custody to be booked for an offense. If a person is to be free to leave, as defendant

---

1. Both officers also agreed that they had no reason to believe defendant armed or dangerous. We need not address, therefore, the circumstances under which a protective search for weapons might be undertaken. Such a search, of course, could not extend to examining the compartments of a billfold.

was to be in this case, there is no motivation to destroy evidence. In turn, there is no justification to search for it. We are cited no authority for the proposition that police are free to search anyone they choose to cite for a misdemeanor offense or that they could arrest although they do not intend to. It would be obviously destructive of the privacy of many if police could justify searches on the basis of charges they never intended to pursue in the hope that the search would turn up something they could pursue. That would invite pretextual arrests and incident searches, with a custodial arrest to follow if something was found and release to follow otherwise. See generally 2 W. LaFave, Search & Seizure § 5.2(h) (2d ed. 1987). But a search must be justified at its inception, not by what it turns up. There being no probable cause to search, no reason to believe that defendant was armed or dangerous, and no compelling law enforcement interest, only curiosity, being served, the search in this case was unreasonable. The hashish thereby discovered must be suppressed.

Reversed.

LACAGNINA, J., concurs.

HATHAWAY, Judge, dissenting.

Appellant was arrested under the section of the Tucson Code which makes an unpermitted possession of beer in a public park a misdemeanor. Tucson Code §§ 21–7, –8 (1987). Also, A.R.S. § 4–244(20) prohibits beer consumption from a broken package in a public place.

A.R.S. § 13–3883(4) permits a police officer, without a warrant, to arrest someone whom the officer has probable cause to believe has committed a misdemeanor or petty offense. The statute also permits immediate release under § 13–3903, which provides that when a person is arrested for a misdemeanor or petty offense, "the arresting officer may release the arrested person from custody in lieu of taking such person to the police station by use of the procedure prescribed in this section, ..." i.e., the signing of the notice to appear and complaint. A.R.S. § 13–3903(A). A.R.S. § 13–3903(F) states that "[n]othing in this section shall be construed to affect a police officer's authority to conduct an otherwise lawful search incident to his arrest even though such arrested person is released before being taken to the police station or before a magistrate pursuant to this section."

A.R.S. § 13–3881(A) provides that an arrest is "actual restraint of the person to be arrested," or "submission to the custody" of the officer. It is clear that under the facts of this case appellant was arrested and in custody when he was searched. No person in appellant's circumstance would have believed that he was free to leave at that time. *State v. Ault,* 150 Ariz. 459, 464, 724 P.2d 545, 550 (1986). Accordingly, a full search incident to a custodial arrest was reasonable under the Fourth Amendment. *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). Also see, *State v. Magness,* 115 Ariz. 317, 321, 565 P.2d 194, 198 (App.1977).

The situation is similar to *State v. Susko,* 114 Ariz. 547, 562 P.2d 720 (1977), where the defendant was stopped for not having a properly licensed motorcycle. The incidental search turned up a stolen wallet with credit card. The search was upheld as permissible incident to arrest. In my opinion, the conviction should be affirmed.