821 P.2d 191

**The STATE of Arizona, Appellant,**

v.

**Rafael GARCIA GARCIA and Edmundo Barranco Granillo, Appellees.**

Nos. 2 CA–CR 90–0684,
2 CA–CR 90–0685.

Court of Appeals of Arizona,
Division 2, Department A.

April 9, 1991.

Redesignated as Opinion and Publication Ordered May 7, 1991.

Reconsideration Denied May 30, 1991.

Review Denied Dec. 17, 1991.

Stephen D. Neely, Pima County Atty. by Dennis Lusk, Tucson, for appellant.

Michael S. Mussman, Pima County Legal Defender by Reuben Emanuel, Tucson, for appellee Garcia.

Kathleen C. Dubois, Tucson, for appellee Granillo.

OPINION

HATHAWAY, Judge.

Appellees were indicted for possession of cocaine. The state appeals the trial court's suppression of evidence seized in an automobile search. Appellant asserts: (1) bullets in plain view in the front seat of the car gave reason to search the passenger compartment for weapons; and, (2) the location of appellees during the search, at the rear of the car and under the control of the officers, did not remove the need to search the car for weapons.

## FACTS

Tucson Police Officer Tony Sabori noticed appellees in the well-lighted parking lot of a Jack–in–the–Box at approximately 7:45 p.m. on March 6, 1990. Their car was parked in the northernmost corner of the parking lot, and one or two persons were standing by its open door. A three-foot high chainlink fence separated the parking lot from a residential area. Appellees were leaning over the fence and appeared to be trying to get something from the yard of a private home on the other side of the fence.

When appellees noticed Officer Sabori, they dropped whatever they were getting and hurried back to their car. The officer later investigated the area where appellees were bending over and noticed baling wire or clothesline wire on the residential side of the fence. When Officer Sabori questioned them, appellees said they were working on their car. The officer glanced inside the vehicle and noticed bullets lying on the front seat. A backup police car arrived driven by Officer Fred Cushman. The two officers frisked appellees "for officers' safety," found nothing, and had them sit on the ground to the rear of the vehicle with their legs in front of them. Officer Sabori searched the vehicle and discovered two guns under the passenger and driver seats. After appellees were arrested, cocaine was discovered in appellee Garcia's jacket pocket and in the police vehicle where appellee Granillo had been seated on the way to the police station. Both appellees admitted the cocaine was theirs.

The court later suppressed the guns and the cocaine, finding that even though the officers were suspicious of defendants' conduct, the situation did not impinge upon the officers' safety because defendants were safely held away from the car. The court stated that "seeing bullets is no basis for searching the car when the Defendants have been removed from the area."

## DISCUSSION

We view the facts in the light most favorable to sustaining the trial court's order. *State v. Sinclair*, 159 Ariz. 493, 497, 768 P.2d 655, 659 (App.1988). This court will not reverse a ruling on a motion to suppress unless it constitutes clear and manifest error, or is an abuse of discretion. *State v. Jarzab*, 123 Ariz. 308, 312, 599 P.2d 761, 765 (1979), cert. denied 444 U.S. 1102, 100 S.Ct. 1069, 62 L.Ed.2d 789 (1980); *State v. Sinclair*, 159 Ariz. at 497, 768 P.2d at 659.

The only ground for the search offered by appellant is officer safety. The question then, is whether the officers, had a reasonable fear for their safety, based on specific, articulable facts. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We first note the legitimate, historical and public policy interest in protecting the safety of police officers at all times, including those situations where probable cause for arrest is lacking. As the Court stated in *Terry*,

[c]ertainly it would be unreasonable to require that police officers take unnecessary risks in the performance of their duties. American criminals have a long tradition of armed violence, and every year in this country many law enforcement officers are killed in the line of duty, and thousands more are wounded. Virtually all of these deaths and a substantial portion of the injuries are inflicted with guns and knives.

In view of these facts, we cannot blind ourselves to the need for law enforcement officers to protect themselves and other prospective victims of violence in situations where they may lack probable cause for an arrest.

*Terry v. Ohio*, 392 U.S. at 23–24, 88 S.Ct. at 1881, 20 L.Ed.2d at 907–08.

We also note that bullets strongly imply that guns are nearby. Several courts have recently held that a bullet may justify a protective search of a vehicle. The Supreme Court of Nevada in *State v. Wright*, 104 Nev. 521, 763 P.2d 49, 50 (1988), recently held that:

[t]he presence of a bullet could reasonably indicate the presence of a gun, justifying a search of the passenger compartment to insure the officer's safety. *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).

*State v. Moretto*, 144 Wis.2d 171, 423 N.W.2d 841 (1988). See also *Michigan v.*

*Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); *English–Clark v. City of Tucson,* 142 Ariz. 522, 690 P.2d 1235 (App.1984); *State v. Conger,* 375 N.W.2d 278 (Iowa App.1985); *State v. Williamson,* 58 Wis.2d 514, 206 N.W.2d 613 (1973). The bullets, coupled with appellees' suspicious conduct, were enough to give a reasonable suspicion of criminal activity though not enough for probable cause for an arrest.

■ We further note that even though appellees were under police control during the search, there might well have been an officer safety problem absent the search. When appellees were released, they would immediately have access to the vehicle and any weapons located therein, *Michigan v. Long,* supra, with which they could have threatened the officers' safety.

Appellees claim that the cases cited by appellant in support of its argument are factually distinguishable. Specifically, they contend, these cases involve "visible weapons, probable cause and/or a strong likelihood of potential violence."

It would be improvident to attempt to draw a bright line somewhere between the facts in cases appellant cites and this one. The cases upholding an "officers' safety" search of the passenger compartment include *Michigan v. Long,* supra, (large hunting knife visible in car driven by a DUI suspect); *State v. Williamson,* supra, (in brief investigatory vehicle stop driver had neither license to drive nor vehicle registration with him; bullets found in pockets during pat-down frisk gave probable cause that gun was nearby); *English–Clark v. City of Tucson,* supra, (approximately six shotgun shells and bottle of scattered pills visible in car, minor traffic violations plus suspected DUI); *State v. Conger,* supra, (in stop for speeding, bullet dropped from driver's pocket as he exited vehicle); *State v. Sinclair,* supra, (knives and electrical "stun gun" visible in car, plus appearance of rifle or shotgun butt, felony warrant outstanding on co-occupant of car, but no probable cause as to defendant); *State v. Moretto,* supra, (driver suspected of criminal conduct; pat-down frisk revealed nothing, but flashlight showed knife inside ve-

hicle); *State v. Wright,* supra, (bullet visible on floorboard of vehicle, vehicle suspected of being stolen and involved in robbery, occupants admitted ex-felons). See also *State v. Wiley,* 144 Ariz. 525, 530, 698 P.2d 1244, 1249 (1985) (reasonable suspicion of criminality, plus hunting knife in car, was enough to trigger search of vehicle).

Even assuming, arguendo, that the facts in those cases provided a basis for a greater fear of danger than here, we find that any reasonable fear for safety is enough to warrant a search under *Terry* and *Michigan v. Long,* and that such reasonable fear was created by appellees' suspicious activity coupled with bullets visible in the vehicle. Appellees cite numerous cases in opposing appellant's argument, most of which were decided before *Michigan v. Long.* Their two recent cases are distinguishable. *State v. Taylor,* 167 Ariz. 439, 808 P.2d 324 (App.1990), involved the search of a wallet after a citation was issued for drinking in public; there was no officer's safety issue. In *State v. Vasquez,* 167 Ariz. 352, 807 P.2d 520 (1991), our supreme court has recently vacated the Court of Appeals opinion on which appellant relies. In *Vasquez,* which now supports the present case, police were investigating a family dispute involving alcohol and possible domestic violence. The court found, citing *Terry* and *Michigan v. Long,* that a weapons search of the bulky leather jacket of one of the suspects who was not under arrest, was warranted because the officer had a reasonable fear for his safety.

Appellees' third claim, that the officers did not assert a belief that their safety was threatened by the suspects, is not borne out by the record.

Based upon this record, we conclude that the granting of the motion to suppress constituted clear and manifest error and was an abuse of the trial court's discretion. We therefore reverse.

LIVERMORE and LACAGNINA, JJ., concur.