NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MACK CALVIN MARTIN, *Appellant*.

No. 1 CA-CR 16-0064
FILED 11-15-2016

Appeal from the Superior Court in Maricopa County
No. CR2015-112136-001
The Honorable Carolyn K. Passamonte, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

———————————————

**MEMORANDUM DECISION**

Judge Christopher T. Whitten[1] delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

———————————————

**W H I T T E N**, Judge:

¶1        Martin appeals from his convictions and sentences for possession or use of narcotic drugs, possession of drug paraphernalia, and tampering with physical evidence.  He contends that the trial court erred by denying his motion to suppress evidence.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        On March 14, 2015, Detectives Snow and Rosky were on patrol as members of the Gang Enforcement Unit.  They were part of the Nighttime Enforcement Squad that evening, conducting proactive patrols and responding to assist other patrol officers.  At around 7:30 p.m. they were driving southbound near 6300 South 20th Street, an area with high gang and drug activity.  It was completely dark out when they saw Martin riding a bicycle northbound, with no lamp emitting a visible light, as required pursuant to Arizona Revised Statutes ("A.R.S.") § 28-817(A).[2]

¶3        Detective Snow, who was driving the unmarked patrol car, approached Martin and, from a few feet away, asked Martin if everything

———————————————

[1]        The Honorable Christopher T. Whitten, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]        We cite to the current version of the statute unless otherwise noted. A.R.S. § 28-817(A)—"A bicycle that is used at nighttime shall have a lamp on the front that emits a white light visible from a distance of *at least five hundred feet* to the front and a red reflector on the rear of a type that is approved by the department and that is visible from all distances from fifty feet to three hundred feet to the rear when the reflector is directly in front of lawful upper beams of head lamps on a motor vehicle.  A bicycle may have a lamp that emits a red light visible from a distance of five hundred feet to the rear in addition to the red reflector."  (Emphasis added.)

was OK. Martin looked in Detective Snow's direction, but failed to verbally acknowledge him and accelerated away at a faster pace. Believing the behavior to be suspicious and that Martin was committing a traffic violation, the detectives turned their car around and caught up to Martin to conduct a traffic stop. As they pulled alongside Martin, Detective Rosky told Martin to stop. He did not. Instead, he quickly glanced at the detectives and then accelerated away. Detective Snow then pulled the patrol car in front of Martin to cut off his pathway, forcing Martin to stop.

¶4 Upon making contact with Martin, Detective Rosky conducted a weapons frisk and found drug paraphernalia on Martin's person. Martin was placed under arrest and, during a search incident to arrest, the detectives found crack cocaine.

¶5 Martin was charged with one count of possession or use of narcotic drugs, a class four felony, one count of possession of drug paraphernalia, a class six felony, and tampering with physical evidence, a class six felony. Martin filed a motion to suppress the evidence seized as a result of the traffic stop, arguing that the weapons frisk was unconstitutional.

¶6 After an evidentiary hearing on the motion, the trial court denied Martin's motion to suppress, finding there was a "sufficient confluence of circumstances to create a reasonable suspicion that [Martin] might be armed and dangerous." The matter proceeded to trial and the court found Martin guilty of possession of narcotic drugs, possession of drug paraphernalia, and tampering with physical evidence. At sentencing, Martin waived his right to trial on priors and admitted to three prior felony convictions. The court sentenced Martin to concurrent, presumptive prison terms for all three counts, the longest of which is 10 years, with 311 days of presentence incarceration credit. Martin timely appealed. We have jurisdiction pursuant to A.R.S. § 13-4033.

**DISCUSSION**

¶7 Martin argues that the trial court erred by denying his motion to suppress. He does not dispute that the detectives had reasonable suspicion to conduct a traffic stop. Instead, Martin contends that the trial court erred in ruling that Detective Rosky had reasonable suspicion—supported by articulable facts—to believe that Martin was armed and dangerous such that a pat down search was warranted.

¶8 We review a trial court's denial of a motion to suppress for an abuse of discretion. *State v. Crowley*, 202 Ariz. 80, 83, ¶ 7, 41 P.3d 618, 621

(App. 2002). A trial court's ruling on a motion to suppress evidence will not be set aside absent a clear abuse of discretion, and is viewed in the light most favorable to upholding the trial court's ruling. *State v. Sharp*, 193 Ariz. 414, 419, ¶ 12, 973 P.2d 1171, 1176 (1999); *State v. Estrada*, 209 Ariz. 287, 288, ¶ 2, 100 P.3d 452, 453 (App. 2004). We defer to the trial court's factual determinations, but the ultimate ruling as to whether the suppression of evidence is warranted is a conclusion of law we review de novo. *State v. Box*, 205 Ariz. 492, 495, ¶ 7, 73 P.3d 623, 626 (App. 2003). "We restrict our view to consideration of the facts the trial court heard at the suppression hearing." *State v. Blackmore*, 186 Ariz. 630, 631, 925 P.2d 1347, 1348 (1996).

**¶9** A police officer is justified in frisking individuals for weapons if the officer can reasonably discern that criminal activity may be afoot and that the individual with whom the officer is dealing *may be* armed and dangerous. *State v. Serna*, 235 Ariz. 270, 275, ¶ 21, 331 P.3d 410, 415 (2014); *Terry v. Ohio*, 392 U.S. 1, 30 (1968). An officer may conduct a weapons search if, based on specific articulable facts, the officer had any reasonable fear for his safety. *State v. Baggett*, 232 Ariz. 424, 427, ¶ 13, 306 P.3d 81, 84 (App. 2013). The standard for reasonable suspicion is lower than that required for probable cause and requires a showing that is considerably less than a preponderance of the evidence. *State v. Ramsey*, 223 Ariz. 480, 484, ¶ 18, 224 P.3d 977, 981 (App. 2010). "[R]easonable suspicion must be based on specific, articulable facts, along with rational inferences that arise from those facts." *Id.* at ¶ 17 (quotation omitted). Moreover, a reasonable suspicion determination may be based on "commonsense judgments and inferences about human behavior" in order to meet the minimal level of objective justification for the frisk. *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000).

**¶10** Standing alone, presence in a high-crime area does not establish reasonable suspicion; however, presence in a high-crime area, coupled with unprovoked flight upon noticing the police and nervous and evasive behavior are pertinent factors in determining reasonable suspicion. *Id.* at 124; *see also State v. Garcia*, 169 Ariz. 530, 821 P.2d 191 (App. 1991). Here, Detectives Rosky and Snow were patrolling in a high-crime neighborhood known for gang and drug activity, in the dark of night, when they initially attempted to have a consensual communication with Martin. Detective Rosky testified that Martin was seen on a bicycle riding northbound, with no light, in violation of law. The traffic infraction provided the detectives with probable cause to conduct a traffic stop. Detective Rosky testified that Martin was evasive and nervous because he avoided eye contact when Detective Rosky asked Martin if he was OK.

Martin ignored them, looked over his shoulder and accelerated away on his bicycle.

¶11        Detective Rosky told Martin to stop, but he did not do so. Because of Martin's evasiveness and his failure to acknowledge Detective Rosky, Detective Snow pulled his patrol car in front of Martin to stop him. Detective Rosky further testified that based on his experience and the circumstances, he had reason to believe that Martin's evasiveness was indicative of criminal activity for which the detectives felt their safety was in jeopardy. Although neither Martin's evasiveness nor his presence in a high-crime area alone established reasonable suspicion, the totality of the circumstances supported a finding of reasonable suspicion. *See Ramsey*, 223 Ariz. at 485, ¶ 23, 224 P.3d at 982; *Wardlow*, 528 U.S. at 119. And because there was reasonable suspicion to conduct a weapons pat-down search, the trial court did not abuse its discretion in denying Martin's motion to suppress.

## CONCLUSION

¶12        For the foregoing reasons, Martin's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA