STATE OF NEBRASKA, APPELLEE, V. GARY L. BOWLEY, APPELLANT.

442 N.W.2d 215

Filed July 7, 1989.   No. 88-528.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and Kenneth W. Payne for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

FUHRMAN, D.J.

Gary L. Bowley, convicted by a jury of operating a motor vehicle while intoxicated, was sentenced to the Douglas County Department of Corrections for a period of 120 days and fined $500. Bowley appeals, claiming that the trial court erred in overruling his motion to suppress the fruits of the stop and subsequent arrest of Bowley on July 20, 1987. We affirm.

On July 20, 1987, Omaha Police Officer David Richardson was in a marked cruiser patrolling his district, the Dodge Street area west of 72d Street. At approximately 10 p.m., in the area of 76th and Dodge Streets, Officer Richardson was flagged down by two people on a motorcycle. The two unidentified cyclists informed Richardson there was a pickup truck behind them, and the driver was trying to run them off the road. During the conversation, a pickup truck drove past, which was identified as the pickup that was trying to run down the cyclists. Richardson began to follow the pickup and observed the pickup weaving in and out of traffic without signaling and traveling at

a faster speed than the normal flow of traffic. Richardson eventually caught up with the pickup and pulled the driver over. Field sobriety tests were administered, and the driver was arrested for operating a motor vehicle while intoxicated. The driver was not cited for any other traffic violations.

On September 30, 1987, Bowley was charged in the Douglas County District Court with operating a motor vehicle while under the influence of alcohol. Bowley filed a motion to suppress the evidence obtained as a result of the detention on July 20, 1987, claiming there was insufficient justification for the stop. Bowley argued the evidence should have been suppressed because the officer did not issue citations for the traffic violations he claimed to have seen, nor were these violations noted in the police report. Bowley also claims the citizen informants (the motorcyclists) were unreliable because they remained unidentified until after Bowley was stopped. This motion was overruled by the trial court.

Initially, it must be noted that in order for an investigatory stop to be lawful and justifiable, the officer must be able to point to specific and articulable facts which, taken together with rational inferences from these facts, reasonably warrant the intrusion. *State v. Ege*, 227 Neb. 824, 420 N.W.2d 305 (1988). In addition, the factual basis for the stop need not arise from the officer's personal observation, but may be supplied by information acquired from another person. When the factual basis is supplied by another, the information must contain sufficient indicia of reliability. A citizen informant who has personally observed the commission of a crime is presumptively reliable. *Id.*

In determining whether an investigatory stop is reasonable, this court has balanced several factors, including the reliability and credibility of the informant, the description of the vehicle, the officer's observations of traffic violations, and the timelag between the report of criminal activity and the stop. *Id.* In this instance, Officer Richardson was flagged down by persons who had observed the erratic driving of Bowley. While the informants were unidentified until after Bowley was stopped, they did remain and identify themselves to police. The informants identified the pickup as it traveled past the area

where Officer Richardson was talking with the cyclists, and Richardson then began to follow the pickup. Officer Richardson observed the pickup weaving in and out of the traffic without signaling. Based upon his own observations, coupled with the information received from the cyclists, Richardson pulled the pickup over to determine the condition of its driver, Bowley. This all occurred within a relatively short timespan.

In *State v. Thomte*, 226 Neb. 659, 413 N.W.2d 916 (1987), we held that a vehicle weaving in its own lane of traffic provides an articulable basis or reasonable suspicion for stopping a vehicle for investigation regarding the driver's condition in operating the weaving vehicle. The observations of Officer Richardson, coupled with the information supplied by the citizen informants, provided Richardson with a reasonable basis for detaining Bowley in order to investigate his driving condition. Because there was a reasonable basis for the investigatory stop, the trial court was correct in overruling the motion to suppress the evidence obtained during the stop.

AFFIRMED.